**WHITE INDUSTRIES, INC., Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION,**
**Respondent,**

and

**Southwest Radio Enterprises, Inc.,**
**Intervenor/Respondent**

and

**Golden East of Missouri, Inc.,**
**Intervenor/Respondent.**

No. 82–1047.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1982.

Decided Nov. 9, 1982.

Rehearing Denied Dec. 6, 1982.

Julia F. Blakeslee, argued, Rich, Granoff, Levy & Gee, Kansas City, Mo., for intervenor/respondent Golden East of Missouri, Inc.; James S. Dillman O/A Deputy Asst. Chief Counsel, F.A.A., William J. Kanter, Deputy Director, Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., on brief.

Edward A. McConwell, argued, Law Firm of Edward A. McConwell, Overland Park, Kan., for petitioner.

Before BRIGHT and ARNOLD, Circuit Judges, and MEREDITH,* Senior District Judge.

MEREDITH, Senior District Judge.

Petitioner White Industries, Inc. ("White") appeals a determination of the Federal Aviation Administration (FAA) that a proposed radio tower to be constructed near Bates City, Missouri posed "no hazard" to air traffic. Because the FAA did not make sufficient factual findings to support its determination, we remand for an evidentiary hearing.

* JAMES H. MEREDITH, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

1. Although the FAA determination has no enforceable legal effect, it does have substantial practical impact as the Federal Communications Commission considers the determination in making its decisions with respect to proposed construction.

2. Petitioner did not learn of the notice and comment period until June 1, 1981, after the comment period had expired.

I.

On March 12, 1981, Southwest Radio Enterprises, Inc. ("Southwest") filed a notice of proposed construction with the FAA's central regional office in Kansas City, Missouri. See 14 CFR §§ 77.11–.17. The notice informed the FAA of Southwest's desire to build a radio tower near Bates City, Missouri. Because the proposed tower constituted an "obstruction" as defined by the regulations, 14 CFR § 77.23, the central regional office initiated an aeronautical study to determine whether it posed a hazard to air navigation.

On April 9, 1981, the FAA gave notice of the study to "interested persons" and provided for a thirty (30) day comment period. See 14 CFR § 77.35. On June 12, 1981, the central regional office issued a determination that the proposed radio tower would pose "no hazard" to air navigation.[1]

The FAA did not notify petitioner White of the aeronautical study or comment period because White was not listed on the FAA's mailing lists and had not formally notified the FAA that it was constructing an airport in the vicinity.[2] The FAA did receive actual notice of the airport, however, on April 8, 1981.

On June 12, 1981, the FAA received its first formal notice of White's plans to construct an airport.[3] Also on that date, White submitted its comments concerning the proposed radio tower. White's comments and the existence of its airport were not considered by the FAA in making its no hazard determination.

Petitioner subsequently filed a petition for agency review of that determination.

3. FAA regulations require any person who intends to build an airport to file a "Notice of Landing Area Proposal" with the FAA at least 90 days before work is to begin. 14 CFR §§ 157.3–.5. Although White did not file this notice with the FAA until June 12, 1981, it contends that it began construction in 1979 and had not been aware of the regulation. It is not clear from the evidentiary record before us when construction actually began.

The Acting Director, Air Traffic Service, granted review and, on November 27, 1981, affirmed the no hazard determination. Petitioner now seeks review in this Court pursuant to section 1006 of the Federal Aviation Act, 49 U.S.C. § 1486.

II.

Before examining the substantive issues raised in this appeal, we must determine the appropriate standard of review. The judicial review provision of the Federal Aviation Act provides that all FAA findings of fact are to be reviewed by a standard of "substantial evidence." 49 U.S.C. § 1486(e). However, the agency's interpretation of its own regulations, although subject to deference, is a question of law to be decided by the court. *See, e.g., Hart v. McLucas,* 535 F.2d 516, 519–20 (9th Cir. 1976); *Rucker v. Wabash R.R.,* 418 F.2d 146, 149 (7th Cir. 1969).

The FAA's decision to exclude White's comments and the existence of its airport from consideration was premised upon factual conclusions as well as its interpretation of the regulations. Our review of the issues will reflect both standards of review accordingly.

III.

Petitioner challenges the FAA's no hazard determination on the ground that it failed to consider its comments or the existence of its airport in making that determination.[4] It is not disputed that the FAA failed to consider the White airport in conducting its aeronautical study. The FAA contends, however, that it was required to consider only those airports meeting the criteria set forth in 14 CFR § 77.21(c). That section requires the FAA to consider the effect of proposed construction upon any planned or proposed public use airport "that is the subject of a notice or proposal on file with the FAA." *Id.* The agency argues that White's airport did not meet these criteria because, as of March 12, 1981,[5] petitioner's airport did not exist; it was not planned for public use; and the airport was not "the subject of a notice or proposal on file with the FAA."

The evidence bearing on the issues of whether the airport was, as of March 12, 1981, planned, proposed, under construction or available for public use was conflicting and disputed. The agency did not consider the conflicting evidence or attempt to resolve the issues. The record is simply not supported by adequate findings of fact. Therefore, the agency's decision to exclude White's comments and airport from consideration, on these grounds, is not supported by substantial evidence.

Finally, the FAA argues that petitioner's airport was not "the subject of a notice or proposal on file with the FAA" as defined by 14 CFR § 77.21(c). It is undisputed that the central regional office received actual notice of a proposed airport on April 8, 1981,[6] one day before that office sent notice of the comment period to all "known" interested persons. Moreover, petitioner contends that the agency promised it that it would notify petitioner of the aeronautical study and provide it with an

---

4. Petitioner also contends that the FAA no hazard determination ignored the effect of the proposed tower on aircraft operated in accordance with visual flight rules (VFR). The record reflects substantial evidence to support the agency's findings on this issue. However, if, on remand, it is determined that White's airport is entitled to consideration, the agency must, of course, revise its findings pertaining to VFR aircraft to include the White airport.

5. FAA regulations stipulate that the pertinent date is the date upon which the notice of proposed construction is filed. 14 CFR § 77.21(c).

6. The substance of the telephone conversation between the parties on April 8, 1981 is disputed. In particular, the parties dispute whether the FAA was informed that the airport would be available for public use. Petitioner also contends that it orally notified the FAA of its plans to build the airport during the summer of 1979. The FAA has neither confirmed or denied this assertion.

opportunity to comment.[7] This it failed to do.

The agency argues, however, that even if it did receive actual notice that petitioner was constructing a public use airport in the vicinity of the proposed tower, it was not required to consider petitioner's comments. It arrives at this conclusion by interpreting 14 CFR § 77.21(c) to embrace only those airports which were, as of March 12, 1981, the subject of formal notification on file with the FAA.[8] It concludes that actual, informal notice of a proposed airport will not satisfy the requirements of the regulation.

The agency's interpretation of the regulation is unduly technical and restrictive and is contrary to the policy underlying the statute and regulations. The Federal Aviation Act authorizes the Administrator to develop regulations to insure the safe and efficient use of airspace, 49 U.S.C. § 1348, and to provide adequate public notice of any proposed structure where notice will promote air safety. 49 U.S.C. § 1501. The regulations at issue were promulgated to effectuate this congressional mandate.

The FAA's interpretation of the regulations would frustrate this statutory policy. In the present case, the agency failed to notify a known interested person of construction affecting air safety or consider evidence which would enable it to fulfill its duty to promote the safe and efficient use of airspace. The FAA has acknowledged that the radio tower and airport cannot co-exist without posing a hazard to air navigation.[9] Moreover, the airport may, at the present time, be fully operational. Not only has construction not yet begun on the radio tower, but an alternative site for the tower has been approved by the FAA as posing "no hazard" to air navigation.[10]

We conclude that the regulations must be interpreted to require the FAA to provide interested persons with an opportunity to comment upon proposed construction where notice would promote air safety and efficiency and to consider the effect of the construction upon planned airports of which the FAA has actual notice. If, on April 8, 1981, the FAA received actual notice that petitioner was constructing an airport, available for public use, it was required to notify petitioner of the aeronautical study and to consider its comments.

The FAA made no findings of fact as to whether it received actual notice of a proposed, public use airport and whether it promised to provide petitioner, as an interested person, with the opportunity to comment. Accordingly, we remand this case to the FAA for an evidentiary hearing to rule on the factual issues raised by the petitioner, in light of the correct legal standards.

---

7. The record before us is inadequate to resolve this issue. However, 14 CFR § 77.35(b)(1) requires the regional office, "[t]o the extent considered necessary", to solicit comments from all interested persons. Petitioner's telephone conversation with the agency should have put the agency on notice that petitioner was an "interested person". As such, the agency should have provided petitioner with an opportunity to comment. Its failure to do so constituted an abuse of discretion.

8. The FAA argues that petitioner was required to comply with the formal notice provisions set forth in Part 157 of the regulations. 14 CFR §§ 157.3–.5. *See* note 3 *supra.*

9. On June 7, 1982, after completing an aeronautical study, the FAA issued a determination that petitioner's airport would constitute a hazard to air navigation. The proposed radio tower constituted the sole basis for the finding.

10. On September 22, 1982, the FAA issued a determination of "no hazard" to Southwest's successor in interest, Golden East of Missouri, Inc. The site of the proposed tower is 3.24 miles south, southwest of Bates City, Missouri, some 3.48 miles south of petitioner's airport. The existence of White's airport was considered in the determination.